# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ERIC WILLIAMS,

            Petitioner,    :    Case No. 1:14-cv-235

  - vs -                          District Judge Susan J. Dlott
                                   Magistrate Judge Michael R. Merz

BRIAN COOK, Warden,
 Pickaway Correctional Institution,

                                      :

            Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner Eric Williams' Objections (Doc. No. 18) to the Magistrate Judge's Report and Recommendations recommending the Petition be dismissed with prejudice (Doc. No. 16). District Judge Dlott has recommitted the case for reconsideration in light of the Objections (Recommittal Order, Doc. No. 19).

Williams was convicted in the Hamilton County Common Pleas Court of four counts of rape and five counts of gross sexual imposition of his infant stepdaughter. The evidentiary basis of the conviction was his admission to this misconduct to Richardson, Texas, Detectives Adam Perry, Kelly McGillis, and Adam Lewin in the presence of his fiancée, Marie Martin, on October 15, 2010. Of those present during that interview, only Detective Perry testified at trial. Perry testified that Williams told him the misconduct began in Hamilton County, Ohio, where he was living at the time the victim was born, and continued after he married the victim's mother and moved with her to Kentucky.

Williams does not deny the misconduct or that he told Detective Perry about it. Instead,

1

he claims that he always said all of the sexual misconduct occurred in Kentucky and that Detective Perry conspired with Hamilton County prosecutors to give perjured testimony about crimes in Ohio "to assist the prosecution's usurpation of subject-matter territorial jurisdiction, …" (Objections, Doc. No. 18, PageID 1370.)

In support of this theory, Williams pled eight Grounds for Relief:  compulsory self-incrimination by not suppressing his statements to Detective Perry (Ground One), lack of fair notice of the charges in the indictment (Ground Two), revelation of his privileged communications in church to the jury (Ground Three), admission of his sexual misconduct with the victim in Kentucky to prove he also engaged in the conduct in Ohio (Ground Four), failure to prove a corpus delicti (Ground Five), conviction on insufficient evidence (Ground Six), prosecutorial misconduct (Ground Seven), and double jeopardy (Ground Eight).  The initial Report was structured around these Grounds for Relief and recommended dismissing all of them.  This Supplemental Report will group Williams' objections according to their content.

**Insufficient Evidence of Territorial Jurisdiction**

Williams claims there was insufficient evidence to prove that the crimes with which he was charged were committed in Hamilton County.

The Report acknowledges that, while territorial jurisdiction is not an "element" of these charges, it must be proved beyond a reasonable doubt if challenged, as it was here from the outset.  The standard of review is the one adopted by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307 (1979): "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt . . . . " *Id.* at 319.

The Objections accuse the Magistrate Judge of "'cherry picking' only the facts he wanted to use to recommend dismissal. . . ." (Objections, Doc. No. 18, PageID 1369.) The habeas statutes as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") do not permit judges to "cherry pick," but they require that a sufficiency of the evidence claim be decided under the *Jackson* standard which requires us to "view [ ] the evidence in the light most favorable to the prosecution." When a state appellate court has considered that same question after a jury verdict, the federal court must defer to both of those evaluations. *Coleman v. Johnson*, 566 U.S. ___, 132 S. Ct. 2062 (2012). When the state court factual determination being weighed is something other than sufficiency of the evidence, we must defer to the state court finding unless the petitioner shows, by clear and convincing evidence, that it is not based on a reasonable determination of the facts in light of the evidence presented. Williams says in his Objections that this is the standard he must meet (Doc. No. 18, PageID 1369), but it is not a standard he satisfies.

The core of Williams' argument is that he did not say to Detective Perry on October 15, 2010, what Perry testified at trial Williams said:

> The Magistrate, in his Report and Recommendations, phrases Detective Perry's testimony as to what he said Williams told him during the non-recorded 10/15/10 interview as being synonymous with what Williams actually said. In other words, the testimony is <u>not</u> being reviewed for what it really is, that being Detective Perry's testimony of what he <u>alleges</u> Williams said during that 10/15/10 interview, <u>not</u> what Williams actually said with proof beyond a reasonable doubt. This is a very prejudicial deception, especially since the prosecution did not and could not corroborate Detective Perry's perjured testimony as to what Williams really said on 10/15/10 as to the venue element. Thus the burden of proof was unconstitutionally shifted to Williams at trial to disprove the reliability of Detective Perry's testimony as to territorial jurisdiction, rather than to make the prosecution meet the

3

> constitutionally mandated duty of proving venue beyond a reasonable doubt.

(Objections, Doc. No. 18, PageID 1370.)

The record is very clear that there were five people present at the October 15, 2010, interview. Only one of them testified at trial – Detective Perry. His testimony about what Williams admitted was the initial location of the abuse was unequivocal and uncontradicted. There is no shifting of the burden of proof at all in permitting a jury to believe uncontradicted testimony.

Williams argues Perry's testimony was uncorroborated, but there is no constitutional requirement for corroboration. Perry admitted that he usually tapes statements but did not tape this one. Williams was able to bring that out on cross-examination to show that Perry's testimony was not corroborated in the usual way. The jury heard that but obviously decided it didn't matter as much as Williams hope it would. There is no constitutional rule requiring corroboration.

As noted, Perry's testimony was uncontradicted.[1] Once Perry testified as he did and there was no other evidence on the so-called venue question, the burden was on Williams to offer contradictory evidence. He or is fiancée, who was present, could have testified, but neither did. The burden of proof of where the crimes occurred never shifted to Williams, but the burden of coming forward (the burden of production) did shift at the close of the State's case and Williams did not produce contradictory evidence.

---

[1] Williams admits in his Objections "The only evidence the jury heard was Detective Perry's perjured (as suborned) testimony as to the venue element." (Objections, Doc. No. 18, PageID 1371.) The sufficiency of the evidence claim must be decided on the basis of what the jury heard. And Williams has provided no proof of perjury, just repeated conclusory allegations.

Williams claims both the trial court and the prosecutor admitted in pretrial proceedings that "they were prosecuting Kentucky crimes." (Objections, Doc. No. 18, PageID 1371, citing Traverse, Doc. No. 14, PageID 1318-1323.) When the referenced part of the record is reviewed, no such admissions are being made. Williams admitted to Perry that the sexual molestation had occurred in both Ohio and Kentucky. The context of the quotations from the record makes it clear the prosecutor wanted to wait to see if Kentucky was going to prosecute the far more numerous offenses that occurred in its territorial jurisdiction before proceeding to trial. Then once Kentucky decided it would not proceed, Mr. Tieger advised Judge Cooper that the trial in Ohio would have to go forward.

**Other Issues**

In his First Ground for Relief, Williams argued that it violated his Fifth Amendment rights to admit his statements to Detective Perry because he was in custody. The original Report recommends deference to the Ohio courts on this claim and the Objections do not require further analysis.

Regarding the fact that the indictment does not differentiate among the offenses as to date, just alleging that they occurred between the child's birth in November 1994 and the move to Kentucky in May 1995, the Report found no prejudice to Williams because he never suggested he had an alibi for some of the dates and this is not a case where the child's memory is in question because the offenses all happened before she was old enough to have any recall. Williams objects, but his objections require no new analysis.

As to Williams Third, Fourth, and Fifth Objections (Doc. No. 18, PageID 1378), Williams has presented no United States Supreme Court precedent clearly establishing that any of these alleged state evidentiary errors rises to the level of a constitutional claim. As matters of state law, of course, they were definitively overruled by the First District.

Williams attempted to broaden his claim of prosecutorial misconduct from what he presented to the state courts to a claim that Mr. Tieger suborned perjury from Detective Perry. That new claim is procedurally defaulted because it was never presented to the state courts and in any event Williams has not proved any perjury.

Williams Double Jeopardy claim (Ground Eight) does not require analysis beyond that given in the original Report.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends it be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 15, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).